UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCELIO JOSEPH REYBOL,<br><br>   Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>   Defendant. | Case No. 3:23-cv-05546-JSC<br><br>**DISMISSAL ORDER**<br><br>Re: Dkt. Nos. 8, 11 |

Plaintiff Arcelio Jospeh Reybol, who is representing himself, filed this civil action against JP Morgan Chase Bank N.A. and paid the filing fee. (Dkt. No. 1.) Although the case was filed on October 27, 2023, Mr. Reybol has not filed a proposed summons and served the summons and complaint. *See* Fed. R. Civ. Pro. 4(m) ("[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal" and then plaintiff is responsible for serving the summons and complaint on the defendant within 90 days of filing the complaint). On February 22, 2024, the Court advised Plaintiff he was required to file a proposed summons and then serve Defendant with a copy of the summons and complaint. (Dkt. No. 11.) Plaintiff had until March 14, 2024 to do so. To date, Plaintiff has not filed the proposed summons or otherwise communicated with the Court.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted) overruled on other grounds by *Langere v. Verizon*

*Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to file a proposed summons and respond to the Court's Order Plaintiff has delayed adjudication of this action. Non-compliance with the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's order weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to file the proposed summons respond would result in dismissal of this action. (Dkt. No. 11.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement."). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, by definition weighs against

2

dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action without prejudice.

The Clerk is directed to close the action.

**IT IS SO ORDERED.**

Dated:  March 21, 2024

JACQUELINE SCOTT CORLEY
United States District Judge